UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL FRANEY, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>ADVANCED MICRO DEVICES, INC., et al.,<br><br>    Defendants. | Case No. 25-cv-06693-SVK<br><br>**ORDER DENYING MOTION TO DISMISS AND GRANTING MOTION FOR REMAND**<br><br>Re: Dkt. Nos. 13, 28 |

    Before the Court are two motions: Plaintiffs' Motion to Remand this action to state court for lack of diversity jurisdiction, because Defendant Advanced Micro Devices ("AMD") is a citizen of California with its headquarters in Santa Clara; and Defendant AMD's Motion to Dismiss the claims against it under Rule 12(b)(6) and to find that AMD was misjoined. Dkts. 13 and 28, respectively. As made clear by Defendant Cushman & Wakefield U.S. Inc.'s ("Cushman") opposition to the Motion to Remand, as well as Plaintiffs' reply, the amount-in-controversy and citizenship of the Parties (both Plaintiffs, Cushman as well as AMD) is not in dispute. *See* Dkts. 21, 24. Accordingly, the Motion to Remand and Motion to Dismiss both turn on the same issue: whether Plaintiffs have properly stated a cause of action against and properly joined AMD, or whether AMD must be dismissed. If AMD is not a proper party to this action, the case as between Plaintiffs and Cushman is properly maintained in this Court. If, however, AMD is a party to this action, then the case must be remanded to state court.

    The Court finds the Motion suitable for determination without oral argument. Civil L.R. 7-1(b). Having reviewed the Parties submissions, the relevant law and the record in this action, the Court **DENIES** the Motion to Dismiss and **GRANTS** the Motion for Remand.

////

## I. FACTUAL BACKGROUND

### A. Allegations Stated in the First Amended Complaint

For the purposes of AMD's Motion to Dismiss, the Court takes the factual allegations of the Complaint as true. *See Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008) (courts generally "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party."). Plaintiffs Michael Franey and Jon Navarro are individuals residing in California. Dkt. 19 ("FAC"), ¶¶ 2-3. Defendant AMD is a Delaware Corporation with its principal place of business in Santa Clara, California. *Id.*, ¶ 5; *see also* Dkt. 14-6. Defendant Cushman is a Missouri corporation which, among other things, manages facilities services at AMD's San Jose campus. *Id.*, ¶ 4. (AMD has locations in both Santa Clara and San Jose. *Compare* Dkt. 14-6 *with* FAC, ¶ 10).

"Plaintiffs were full-time facilities technicians assigned to perform their work at th[e San Jose] location." FAC, ¶ 10. Plaintiffs allege that, on or about April 18, 2025, they "were ordered by a recently hired CUSHMAN supervisor to perform maintenance and troubleshooting inside a large HVAC unit on the AMD campus, despite lacking proper training and safety procedures." FAC, ¶ 11. Plaintiffs at first protested but were told to proceed anyway. *Id.* Then, upon beginning work and "discover[ing] that the HVAC unit remained energized at approximately 480 volts, presenting a serious and immediate hazard," they stopped work. *Id.* A few days later, on or about April 21, 2025, Plaintiffs reported the incident to Cushman managers and other employees at a safety meeting. *Id.*, ¶ 12. They subsequently escalated the issue to Environmental, Health and Safety ("EHS") representatives for the San Jose facility for both Cushman and AMD. *Id.*, ¶ 13. "On or about April 24, Plaintiffs participated in a meeting with officials from both Cushman and AMD" to provide information about the incident. *Id.*, ¶ 14. On or about April 30, Plaintiffs allege that they "were abruptly placed on unpaid administrative leave." *Id.*, ¶ 15. They were then terminated on May 2, 2025, along with the supervisor who had directed their actions on the day of the incident. *Id.*, ¶ 16.

Critical to the evaluation of AMD's Motion to Dismiss, Plaintiffs allege that "Defendants AMD and CUSHMAN jointly exercised control over Plaintiffs' working conditions and daily

2

assignments," including using "shared systems" to supervise their work, "enforcing safety protocols and trainings, controlling overtime availability, and requiring Plaintiffs to utilize AMD badges and email systems." *Id.*, ¶ 10.  With regard to the incident prior to Plaintiffs' termination, Plaintiffs allege that they were working under "a recently hired CUSHMAN supervisor," made the initial incident report to "CUSHMAN managers," but then escalated the incident to "EHS[] representatives" for both Cushman and AMD and then participated in a meeting with officials from both Cushman and AMD. *Id.*, ¶¶ 11-14.  Finally, Plaintiffs allege that they "were informed by a Cushman manager who participated in meetings with Cushman and AMD officials about the incident that AMD wanted a 'clean slate,'" and thus allege on information and belief that "the decision to terminate their employment was made with the participation of and/or at the direction of AMD." *Id.*, ¶ 16.

### B. The Declaration of Lisa Perlmutter

With regard to the Motion for Remand only, "[t]he defendant seeking removal to the federal court is entitled to present the facts showing the joinder to be fraudulent." *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987).  Defendant Cushman has submitted a declaration from Lisa Perlmutter, one of its Global EHS Managers, in opposition to the Motion for Remand.  Dkt. 21-1 ("Perlmutter Decl.").  Ms. Perlmutter's declaration includes testimony and evidence as to the nature of Cushman's relationship with the Plaintiffs.  In relevant part, she testifies that Cushman "was solely responsible for Plaintiffs' wages and hours" and "work schedule" and was "solely responsible for hiring, firing, disciplining, and training Plaintiffs." Perlmutter Decl., ¶¶ 7-8.  She references Cushman's Services Agreement with AMD in support of her testimony, although the attachment itself appears to have been erroneously omitted.  *See* Dkt. 21-1.  Ms. Perlmutter's declaration directly contradicts several assertions made on information and belief in Plaintiffs' Complaint.  *Compare* Perlmutter Decl. ¶¶ 7-8 *with* Fac, ¶¶ 9-10, 16.

////

////

////

////

## II. REQUESTS FOR JUDICIAL NOTICE

The pending motions present two requests for judicial notice. The Motion to Remand is accompanied by Plaintiffs' request for judicial notice ("Plaintiffs' RJN") of 9 documents tending to establish AMD's domicile in California. Dkts. 14–14-9. Plaintiffs' RJN is not opposed and, moreover, as already mentioned, the Parties do not dispute that AMD is a citizen of California. *See* Dkt. 21. Accordingly, the Court **GRANTS IN PART** Plaintiffs' RJN, taking judicial notice of Dkt. 14-6, the California Secretary of State Statement of Information for AMD, showing that AMD's principal place of business, including the offices of its CEO and CFO are in Santa Clara, California. Dkt. 14-6. Given the non-opposition by Cushman, the Court is satisfied as to AMD's domicile and **DENIES AS MOOT** the request to take notice of the other documents.

The Motion to Dismiss is accompanied by AMD's request for judicial notice ("AMD's RJN") of, in relevant part, the Perlmutter Declaration. Dkt. 29. While AMD's RJN is also not opposed, the Court is not persuaded that it can consider the Perlmutter Declaration in resolving the Motion to Dismiss.

> [J]udicial notice and incorporation-by-reference do have roles to play at the pleading stage. The overuse and improper application of judicial notice and the incorporation-by-reference doctrine, however, can lead to unintended and harmful results. Defendants face an alluring temptation to pile on numerous documents to their motions to dismiss to undermine the complaint, and hopefully dismiss the case at an early stage. Yet the unscrupulous use of extrinsic documents to resolve competing theories against the complaint risks premature dismissals of plausible claims that may turn out to be valid after discovery.

*Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018). "Judicial notice under Rule 201 permits a court to notice an adjudicative fact if it is 'not subject to reasonable dispute.' A fact is 'not subject to reasonable dispute' if it is 'generally known,' or 'can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.'" *Id.* at 999. By way of contrast, the facts stated in the Perlmutter declaration may be subject to reasonable dispute. For example, Plaintiffs may disagree with Ms. Perlmutter's interpretation of the Services Agreement or might argue, based on future-discovered testimony of the unidentified Cushman manager, that Cushman and AMD nonetheless acted as though AMD had a role to play in "hiring, firing,

1  disciplining, and[/or] training." *Contra* Perlmutter Decl., ¶¶ 7-8. Without a cross-examination of
2  the proffered affiant or testimony from other witnesses, the Court cannot simply take Ms.
3  Perlmutter's testimony as true in contravention of the allegations of the FAC. "Such undermining of
4  the usual pleading burdens is not the purpose of judicial notice…." *Khoja*, 899 F.3d at
5  999. Accordingly, AMD's RJN in support of the Motion to Dismiss is **DENIED**.

**III. LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(6) authorizes a district court to dismiss a complaint if it fails to state a claim upon which relief can be granted. In ruling on a motion to dismiss, a court may consider only "the complaint, materials incorporated into the complaint by reference, and matters of which the court may take judicial notice." *Metzler Inv. GMBH v. Corinthian Colleges, Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008). Courts generally "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek*, 519 F.3d at 1031. However, a court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Plaintiffs' move for remand on the basis that AMD's presence in this action destroys diversity jurisdiction. Dkt. 13. In opposition, Cushman argues that AMD has been fraudulently joined. Dkt. 21. AMD argues relatedly that it has been misjoined and must be dismissed. ; Dkt. 28 at 14-15. "The fraudulent joinder doctrine requires courts to disregard the citizenship of defendants when no viable cause of action has been stated against them, or when evidence presented by the removing party shows that there is no factual basis for the claims alleged against the defendants." *Hurd v. American Income Life Ins.*, 2013 WL 5575073, at *3 (C.D. Cal. 2013) (citing *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067–68 (9th Cir. 2001)). There are two ways to establish fraudulent joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (citation omitted). The latter prong of the

analysis is relevant to the pending motions.

> Fraudulent joinder is established the second way if a defendant shows that an individual joined in the action cannot be liable on any theory. But if there is a *possibility* that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court.

*Id.* (cleaned up) (emphasis in original).

## IV. DISCUSSION

As a preliminary matter, Plaintiffs, relying on *Grancare*, urge the Court to disregard the Rule 12(b)(6) analysis, which proceeds under the "plausibility" standard, and instead evaluate AMD's Motion to Dismiss under the fraudulent joinder "possibility" standard. Dkt. 33 at 4-5. The Court agrees with AMD that that is not *Grancare*'s instruction. *See* Dkt. 34 at 4-5. Rather, *Grancare* clarifies that although "the fraudulent joinder standard shares some similarities with the analysis under Rule 12(b)(6), … the test[s] for fraudulent joinder and for failure to state a claim under Rule 12(b)(6) are not equivalent." *Grancare*, 889 F.3d at 549 (internal quotations and citations omitted). Beyond the plausibility/possibility distinction, fraudulent joinder is "a jurisdictional inquiry" and "the party seeking removal is entitled to present additional facts that demonstrate that a defendant has been fraudulently joined." *Id.* Accordingly, the Court determines the best course of action is to take each motion—and inquiry—in turn.

### A. AMD's Motion to Dismiss for Failure to State a Claim

The Parties agree that "each of Plaintiffs' four causes of action – for wrongful termination in violation of public policy and retaliation in violation of Labor Code sections 98.6, 1102.5, 6310, and 6311 –" provide remedies exclusively against a plaintiff's "employer." Dkt. 28 at 12-13 (AMD reciting standards and citing case law); Dkt. 33 at 7-8 (Plaintiffs do not disagree with the standards and argue instead that they are proceeding under a "theory of joint employment"). For the three of Plaintiffs' claims arising under the California Labor Code, the California Supreme Court has recognized the possibility of joint employment and held that a joint employer must: "(a) exercise control over the wages, hours or working conditions, *or* (b) [] suffer or permit to work, *or* (c) [] engage, thereby creating a common law employment relationship," the employee(s).

6

*Martinez v. Combs*, 49 Cal. 4th 35, 64 (2010). Moreover, as to Plaintiff's common-law wrongful termination claim, the "general principle—that an individual may be held to have more than one employer in the temporary-staffing context—has long been recognized[.]" *Cf. Jimenez v. U.S. Cont'l Mktg., Inc.*, 41 Cal. App. 5th 189, 197-98 (2019) (stated in the context of state or federal antidiscrimination laws). Thus, the question before the Court under Rule 12(b)(6) is whether Plaintiffs have pleaded sufficient facts to support the allegation that AMD, jointly with Cushman, was their employer.

Plaintiffs' FAC includes many allegations going to the issue of joint employment, (*see, generally*, FAC, ¶¶ 9-16), but as AMD points out, most of the allegations are pleaded exclusively on information and belief. *See* Dkt. 28 at 13-14 (citing FAC, ¶¶ 9-15). Pleading on information and belief is permitted but can be used to defend against a motion to dismiss only "where the facts are peculiarly within the possession and control of the defendant or where the belief is based on factual information that makes the inference of culpability plausible." *Sapan v. Safeway, Inc.*, No. 24-CV-08804-JST, 2025 WL 2494275, at *3 (N.D. Cal. Aug. 29, 2025) (quoting *Soo Park v. Thompson,* 851 F.3d 910, 928 (9th Cir. 2017)). AMD argues that the Court should thus disregard Plaintiffs' allegations, but the Court is not so persuaded.

In the case where Cushman and AMD are alleged to have a joint employment relationship, the facts that would show (or negate) the existence of such a relationship ***are*** "peculiarly within the possession and control of the defendant(s)." *See id.* Plaintiff cannot know, absent discovery, whether AMD in fact "exercised control over Plaintiffs' wages, hours, working conditions, and daily assignments." *See* FAC, ¶ 9. In support of their belief, Plaintiffs point to "shared systems, enforcing safety protocols and trainings, controlling overtime availability, and requiring Plaintiffs to utilize AMD badges and email systems for day-to-day tasks." *Id.*, ¶ 10. Plaintiffs further allege, as to supervision, that there were EHS "representatives for the facility for both Cushman and for AMD." *Id.*, ¶ 13.

But the strongest allegation is that "Plaintiffs are informed and believe … that the decision to terminate their employment was made with the participation of and/or at the direction of AMD." *Id.*, ¶ 16. Whatever may be said of the other allegations, *this* allegation is not based

7

exclusively on information and belief but is an inference Plaintiffs draw from the statement of a Cushman manager that AMD officials had said they "wanted a 'clean slate' after the incident and had directed the termination of Plaintiffs and the recently hired supervisor." *Id.* While AMD criticizes the statement as "vague, double-hearsay, [and] inadmissible," (Dkt. 28 at 14), such an argument misapprehends the pleading standard. At the *pleading* stage, the admissibility of an allegation does not matter – the Court takes well-pleaded factual allegations (*i.e.*, the content of the statement) as true and draws reasonable inferences (*e.g.*, that AMD in fact directed Plaintiffs' termination) in favor of Plaintiffs.

Finally, AMD's argument that the Perlmutter Declaration undermines all of Plaintiffs' allegations is irrelevant in light of the Court's denial of AMD's RJN in support of this motion. As noted above, the Court evaluates the Motion to Dismiss under the 12(b)(6) standard—pursuant to which AMD may not present its own (or a co-defendant's) evidence. Accordingly, the Perlmutter Declaration is reserved only for consideration of the misjoinder / fraudulent joinder arguments.

Accordingly, because Plaintiffs have plausibly alleged at least that AMD exercised control over the decision to terminate Plaintiffs, and thus was a party that could "suffer or permit [Plaintiffs] to work," (*see Martinez*, 49 Cal. 4th at 64 (2010)), Plaintiffs have plausibly alleged that AMD was their joint employer and thus have stated a claim for relief. The Motion to Dismiss is **DENIED** as to this ground.

### B. Plaintiffs' Motion for Remand and AMD's Misjoinder Argument

Because the Ninth Circuit has made clear that the standard for fraudulent joinder is different from that under Rule 12(b)(6), the Court's ruling above does not resolve either AMD's or Cushman's arguments that AMD was improperly joined. *See Grancare*, 889 F.3d at 549. Fraudulent joinder is established "if a defendant shows that an individual joined in the action cannot be liable on any theory." *Id.* at 548. Moreover, in considering this argument, "the party seeking removal is entitled to present additional facts that demonstrate that a defendant has been fraudulently joined." *Id.* at 549. Accordingly, the Court now considers the FAC with two tweaks: first, the Court **does** consider the Perlmutter Declaration in assessing fraudulent joinder and, second, the Court applies the lower "possibility," rather than "plausibility," standard. *See id.*

The Perlmutter Declaration diffuses many of the allegations of Plaintiffs' FAC by rebutting their belief that AMD had any role to play in Plaintiffs' day-to-day employment. *See* Perlmutter Decl., ¶¶ 7-8.  This renders the majority of the Plaintiffs' allegations as to AMD's control over their "wages, hours, working conditions, [] daily assignments, … training and certifications[,] … overtime availability," etc., implausible and, indeed, impossible without some further factual allegation by Plaintiffs. *Contra* FAC, ¶ 9.  However, it does not fully resolve the question of improper joinder because the Perlmutter Declaration is also inconsistent with the well-pleaded factual allegation regarding Plaintiffs' firing.  Based upon the Service Agreement between Cushman and AMD, Ms. Perlmutter avers that "C&W was solely responsible for hiring, firing, disciplining, and training Plaintiffs."  Perlmutter Decl., ¶ 8.  Meanwhile, Plaintiffs allege that in the particular instance at issue in this case, AMD was in fact involved in their termination based upon statements made to a Cushman manager.  FAC, ¶ 16.  It remains possible, therefore, that after testimony from the relevant Cushman manager and cross-examination of Ms. Perlmutter, and the testimony of other employees or witnesses as necessary, a state court would find that AMD in fact exercised control over termination of the plaintiffs and was thus a joint employer.

Accordingly, the Court cannot dismiss AMD as misjoined in this action upon the evidence presented.  To hold otherwise would be to resolve this factual dispute in Defendants' favor before any discovery, when the facts are not at all clear, based upon one line in a declaration by one defendant's witness.  AMD's Motion to Dismiss on this ground is thus also **DENIED**.

The analysis is complimentary for Plaintiffs' Motion for Remand.  Because the Court finds that it is possible for a state court to find that AMD is a joint employer and so was not fraudulently joined, the Court does not dismiss AMD from this suit.  Because AMD remains a party to this action, there are California citizens on both sides of this dispute (AMD and Plaintiffs), and the action thus lacks complete diversity.  Accordingly, Plaintiffs' Motion for Remand is **GRANTED**.

////

////

////

////

## V. CONCLUSION

For the foregoing reasons, AMD's Motion to Dismiss is **DENIED** on both grounds, the Court finds that AMD was not fraudulently joined, and Plaintiffs' Motion for Remand is **GRANTED**. This action is ordered **REMANDED** to the Superior Court of the State of California for the County of Santa Clara. The Clerk of Court shall close the file.

**SO ORDERED.**

Dated: November 25, 2025

_____
SUSAN VAN KEULEN
United States Magistrate Judge